**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MAISHA EMMANUEL, on behalf of herself and all others similarly situated, | |
| | Civil Action No. _____ |
| Plaintiffs, | |
| v. | **JURY DEMANDED** |
| HANDY TECHNOLOGIES, INC., | |
| Defendants. | |

I.  **INTRODUCTION**

1.      This case is brought on behalf of individuals who have worked for Handy
Technologies, Inc. ("Handy") as cleaners anywhere in the United States (other than
California).  Handy is a cleaning company that provides cleaners who can be
dispatched through a mobile phone application or website to clean customers' homes
and perform other basic maintenance work.

2.      As described further below, Handy has misclassified Plaintiff and other
similarly situated cleaners as independent contractors and, in so doing, has violated the
federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay
them minimum wage for all time worked.  Plaintiff brings this claim under the FLSA on
behalf of all similarly situated employees who may choose to opt in to this action
pursuant to 29 U.S.C. §216(b).

3.      Plaintiff Maisha Emmanuel further complains, pursuant to Rule 23 of the
Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly
situated Handy cleaners who have worked in Massachusetts, that Defendant has

1

violated various provisions of Massachusetts law, including Mass. Gen. L. c. 149 §148B by misclassifying them as independent contractors, Mass. Gen. L. c. 149 § 148 for failing to pay them all wages due and requiring them to pay expenses necessary to perform their jobs, and Mass. Gen. L. c. 151 § 1 by failing to pay minimum wage. Plaintiff Emmanuel, on behalf of all similarly situated Handy cleaners who have worked in Massachusetts, seek restitution of all wages and all other relief to which they are entitled.

## II.  PARTIES

4.      Plaintiff Maisha Emmanuel is an adult resident of Boston, Massachusetts, where she has worked as a Handy cleaner in the Boston area since May 2015.

5.      Defendant Handy Technologies Inc. ("Handy") is a Delaware corporation, headquartered in New York, New York.

## III.   JURISDICTION

6.      This Court has general federal question jurisdiction over plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 since the plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

7.      This Court has jurisdiction over plaintiffs' Massachusetts state law claims pursuant to 28 U.S.C. Section 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

8.      Venue is proper in this district under 28 U.S.C. § 1391.

## IV.   STATEMENT OF FACTS

9.      Handy is a cleaning service that provides cleaning in cities throughout the country via an on demand dispatch system.

10.      Handy offers customers the ability to request and schedule a cleaner on a mobile phone application or through its website.

11.      Handy's website advertises that customers can "Book expert home cleaners and handymen at a moment's notice.  Just pick a time and we'll do the rest."

12.     Cleaners are paid hourly for the time they are scheduled to spend cleaning.  Their hourly wage may be raised or lowered depending on their performance. Cleaners are not compensated for additional time they may spend cleaning beyond the scheduled period of a given job or for time spent traveling between jobs.

13.     Although classified as independent contractors, Handy cleaners are employees.  They are required to follow detailed requirements imposed on them by Handy, and they are graded, and are subject to termination, based on Handy' discretion and/or their failure to adhere to these requirements (such as rules regarding how they must perform the cleaning work, when they are permitted to cancel a job, how long they must spend at a given job, etc.)

14.     In addition, Handy is in the business of providing cleaning service to customers, and that is the service that Handy cleaners provide.  The cleaners' services are fully integrated into Handy's business, and without the cleaners, Handy's business would not exist.

15.     However, based on their misclassification as independent contractors, Handy cleaners are required to bear many of the expenses of their employment, including expenses for their cleaning supplies.

16.     Some of these expenses for cleaning supplies are deducted from the cleaners' paychecks.

17.     For some weeks, Handy cleaners do not make minimum wage, particularly when accounting for the amounts they pay for supplies.  For example, Plaintiff Maisha Emmanuel had to pay for an initial cleaning kit that she had to work approximately six jobs (without pay) to pay for.  She worked more than 30 hours her first week of work but was only paid $14.

## V.    THE NATIONWIDE COLLECTIVE ACTION

18.    Plaintiff brings the first cause of action on behalf of herself and all other Handy cleaners who have worked for Defendant anywhere in the United States (other than California), between three years since they brought this complaint and the date of final judgment in this matter.

19.    Plaintiff brings this counts under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.  Plaintiff and other Handy cleaners are similarly situated in that they are all subject to Handy' common plan or practice of classifying cleaners as independent contractors, and not ensuring that they receive at least the federal minimum wage for all weeks worked.

## VI.    THE MASSACHUSETTS RULE 23 CLASS

20.    Plaintiff Maisha Emmanuel brings the second and third causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Handy cleaners who have worked for Handy in Massachusetts.

21.     Plaintiff and other class members have uniformly had to pay to perform their jobs, by being required to pay for their own cleaning supplies.  They have likewise not been guaranteed to receive the full Massachusetts minimum wage.

22.    The members of the class are so numerous that joinder of all class members is impracticable.

23.     Common questions of law and fact regarding Handy' conduct in classifying cleaners as independent contractors, failing to reimburse them for business expenditures such as cleaning supplies, and failing to ensure they are paid at least minimum wage for all weeks, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been required to follow uniform procedures and policies regarding their work for Handy;

b. Whether the work performed by class members—providing cleaning services to customers—is within Handy' usual course of business, and whether such service is fully integrated into Handy's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their cleaning supplies.

24.     Named Plaintiff Maisha Emmanuel is a class member who suffered damages as a result of Defendant's conduct and actions alleged herein.

25.     The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

26.     The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation.  The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

27.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I

### Failure to Pay Minimum Wage in Violation of the FLSA

Defendant's willful conduct in failing to ensure its employees receive the federal minimum wage, and requiring its employees to pay for the expenses of their employment (all of which contribute to them not receiving the federal minimum wage), violates the FLSA, 29 U.S.C. § 201, *et seq.*  This claim is brought on behalf of a class of similarly situated individuals who have worked for Handy anywhere in the country (other than California) and may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## COUNT II

### Violation of Mass. Gen. L. ch. 149 §§ 148 and 148B

As set forth above, Defendant has misclassified Handy cleaners in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149  § 148B. As a result of this misclassification, cleaners have improperly been required to bear the expenses of their employment (such as expenses for cleaning supplies), in violation of Mass. Gen. L. c. 149 § 148. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT III

### Violation of Massachusetts Minimum Wage Law

Defendant's willful conduct in failing to ensure its employees receive the Massachusetts minimum wage, and requiring its employees to pay for the expenses of their employment (all of which contribute to them not receiving the Massachusetts minimum wage), violates Mass. Gen. L. ch. 151 § 1.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

**JURY DEMAND**

Plaintiffs request a trial by jury on all of their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a.  Allow other similarly situated Handy cleaners to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

b.  Certify a class action pursuant to Rule 23(b)(2) and (3) under Count II and III and appoint Plaintiff Maisha Emmanuel and her counsel to represent a class of Handy cleaners who have worked in Massachusetts;

c.  Declare and find that the Defendant violated FLSA, 29 U.S.C. § 201, *et seq.* by failing to pay Plaintiffs and other similarly situated cleaners the federal minimum wage;

d.  Declare and find that the Defendant violated Mass. Gen. L. ch. 149 §§ 148 and 148B, and Mass. Gen. L. ch. 151 § 1, by misclassifying Massachusetts cleaners and failing to pay cleaners the minimum wage for all hours worked;

e.  Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

f.  Award all costs and attorney's fees incurred prosecuting this claim;

g.  Award liquidated damages;

h.  Interest and costs;

i.  Injunctive relief in the form of an order directing Defendant to comply with the FLSA and Massachusetts state law;

j.  Such other relief as in law or equity may pertain.

Respectfully submitted,

MAISHA EMMANUEL, individually and on
behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO # 640716
Adelaide Pagano, BBO # 690518
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, apagano@llrlaw.com

Dated:       July 7, 2015